Nicholas J. Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
5055 Wilshire Blvd, Suite 300
Los Angeles, CA  90036
T: (323) 988-2400; F: (866) 802-0021
Attorneys for Plaintiff,

**UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| MATTHEW SOLITRO ) | **Case No.:** |
| ) | |
| Plaintiff, ) | **VERIFIED COMPLAINT AND DEMAND** |
| ) | **FOR JURY TRIAL** |
| vs. ) | |
| ) | **(Unlawful Debt Collection Practices)** |
| NCO FINANCIAL SYSTEMS, INC ) | |
| ) | |
| Defendant. ) | |
| ) | |

**COMPLAINT**

COMES NOW the Plaintiff, MATTHEW SOLITRO ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, NCO FINANCIAL SYSTEMS INC, alleges and affirmatively states as follows:

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to

promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. 1692(a) – (e)).

2. Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of NCO FINANCIAL SYSTEMS, INC (hereinafter "Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. For the purposes of this Petition, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Because Defendant maintains a business office and conducts business in the state of California, personal jurisdiction is established.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

7. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

8. Plaintiff is a natural person who resides in the City of Brooksville, County of Hernando, State of Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with a business office in the City of Rancho Cordova, County of Sacramento, State of California.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11. Defendant has been placing repeated collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant failed to mail a written letter describing Plaintiff's rights with respect to the debt in controversy within 5 days after the Defendant's initial communication with Plaintiff.

13. Defendant continuously failed to properly identify itself as a debt collector and failed to mention that all information sought would be used for that purpose. (See Exhibit A).

14. Defendant continued contacting Plaintiff by placing repeated collection calls after Plaintiff had expressed he is not "Mark Castle," the man Defendant was seeking to collect the debt from.

15. Defendant used misleading communication practices by continuously attempting to collect a debt larger than that owed by Plaintiff.

16. Plaintiff retained KROHN & MOSS, LTD. to be his legal representation in the present matter.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

17. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

18. Defendant **violated the FDCPA**. Defendant's violations include, but are not

limited to the following:

    a).    Defendant violated the FDCPA § 1692e(2) when Defendant, through its agents, employees, and or legal counsel attempted to collect a debt not owed to Defendants by Plaintiff.

    b).    Defendant violated the FDCPA §1692e(11) when Defendant, through its agents, employees, and or legal counsel, failed to properly identify itself as a debt collector and failed to state that all information sought would be used for that purpose.

    c).    Defendant violated the FDCPA § 1692f(1) when Defendant, through its agents, employees, and or legal counsel attempted to collect a debt not permitted by the law.

    d).    Defendants violated FDCPA §1692g(a) when Defendant, through its agents, employees, and or legal counsel, never mailed an official letter notifying Plaintiff of his rights with respect to the debt owed.

19. As a consequence of Defendant's foregoing actions, Plaintiff has suffered from stress, anxiety, humiliation, anger and fear. (<u>See Exhibit B</u>).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

20. Declaratory judgment that the Defendant's conduct violated Federal Act, FDCPA.

21. Actual damages.

22. Statutory damages pursuant to Federal Act, 15 U.S.C. 1692k.

23. Costs and reasonable attorney's fees pursuant to Federal Act, 15 U.S.C. 1692k.

24. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

DATED: August 13, 2008

KROHN & MOSS, LTD

By: _____

Nicholas J. Bontrager
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MATTHEW SOLITRO, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA)

Plaintiff, MATTHEW SOLITRO, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, MATTHEW SOLITRO, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATED: 8/26/08                              *Matthew F. Solitro* (signature)

MATTHEW SOLITRO, PLAINTIFF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT A**

**PLEASE NOTE:**

Plaintiff's attorneys are in possession of voice recordings left by a collection agent for Defendant, which detail and further establish the allegations referring to this <u>EXHIBIT A</u>.

For purposes of practicality, said recordings are not attached to this complaint but will be available if needed.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT B**

VERIFIED COMPLAINT

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

| # | Symptom | Response |
|---|---|---|
| 1 | Sleeplessness | **YES** NO |
| 2 | Fear of answering the telephone | **YES** NO |
| 3 | Nervousness | **YES** NO |
| 4 | Fear of answering the door | YES NO |
| 5 | Embarrassment when speaking with family or friends | YES NO |
| 6 | Depressions (sad, anxious, or "empty" moods) | **YES** NO |
| 7 | Chest pains | YES NO |
| 8 | Feelings of hopelessness, pessimism | **YES** NO |
| 9 | Feelings of guilt, worthlessness, helplessness | YES NO |
| 10 | Appetite and/or weight loss or overeating and weight gain | YES NO |
| 11 | Thoughts of death, suicide or suicide attempts | YES NO |
| 12 | Restlessness or irritability | **YES** NO |
| 13 | Headache, nausea, chronic pain or fatigue | **YES** NO |
| 14 | Negative impact on my job | **YES** NO |
| 15 | Negative impact on my relationships | **YES** NO |

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: IT'S INFURIATING TELLING THESE PEOPLE THAT THEY HAVE BEEN CALLING THE WRONG PERSON FOR YEARS, ONLY TO BE IGNORED!

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct

Dated: 8/28/08

_Matthew F. Solitro_
Signed Name

MATTHEW F. SOLITRO
Printed Name